Erin M Wilson, WSBA No. 42454
Taylor Washburn, WSBA No. 51524
Andrew Gust, WSBA No. 64095
BALLARD SPAHR LLP
1301 Second Ave. No. 2800
Seattle, WA 98101
Tel: 206-223-7000
Fax: 206-223-7107
Email: wilsonem@ballardspahr.com
washburnt@ballardspahr.com
gusta@ballardspahr.com

*Attorneys for Defendant*

The Honorable Stanley A. Bastian

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
SPOKANE DIVISION

| | |
|---|---|
| MELISSA PLENTY,<br><br>Plaintiff,<br><br>v.<br><br>HILTON RESORTS CORPORATION d/b/a HILTON GRAND VACATIONS,<br><br>Defendant. | Case No. 2:26-cv-00258-SAB<br><br>**DEFENDANT HILTON RESORTS CORPORATION'S MOTION TO DISMISS UNDER RULE 12(b)(6)**<br><br>**9/28/2026**<br>**Without Oral Argument** |

## I. INTRODUCTION

This lawsuit arises from Plaintiff Melissa Plenty's allegation that Defendant Hilton Resorts Corporation made telemarketing calls to Ms. Plenty without having first implemented certain do-not-call procedures required by 47 C.F.R. § 64.1200(d). Ms. Plenty's complaint asserts a single claim based on the theory that Defendant's purported failure to implement these procedures before calling Ms. Plenty violated a provision of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227(c) (Section 227(c)). Compl. (Dkt. 1), ¶¶ 41–42.

The Court should dismiss Ms. Plenty's claim because she has not alleged facts to show that Defendant failed to implement the requisite do-not-call procedures. The complaint asserts, in conclusory language, that Defendant called Ms. Plenty without

having such procedures in place, but it contains virtually no supporting facts—and Ms. Plenty does not allege that she requested or reviewed Defendant's policies. Her only supporting allegation is that Defendant purportedly called her after she made a do-not-call request—but this alone does not show that Defendant lacked the procedures, which Ms. Plenty must prove to prevail.

Separately, Ms. Plenty cannot maintain a private right of action under Section 227(c) because she has only alleged, at most, a single call that potentially violates the internal procedures required by 47 C.F.R. § 64.1200(d). To state a TCPA claim under Section 227(c), a plaintiff must have received "*more than one*" call that violates such procedures. 47 U.S.C. § 227(c)(5) (emphasis added). Although Ms. Plenty alleges that she received calls from Defendant after making a do-not-call request, all but one of these was within the regulation's 10-business-day safe-harbor period—meaning *only one* of the alleged calls could potentially have violated 47 C.F.R. § 64.1200(d). Thus, Ms. Plenty has not pled facts to establish a private TCPA claim under Section 227(c), and her complaint must be dismissed.

## II. PLAINTIFF'S ALLEGATIONS

Ms. Plenty alleges that in February 2025, she placed a call to "Hilton" to make a room reservation at a property in Colorado for May 2025. Compl. ¶ 12.[1] She says that after she completed this reservation, her call was transferred to a new sales agent, who told her that she could "book additional rooms for a future timeslot at a significant price reduction if she selected a location and paid for the rooms while on the phone." *Id.* ¶ 13. According to Ms. Plenty, she selected a location and paid the reduced price, at which point the agent told her that to take advantage of the deal, Ms. Plenty would need to attend a class conducted by Defendant. *Id.* ¶¶ 14, 15.

[1] The Complaint says Ms. Plenty made this reservation with "Hilton," as opposed to Defendant Hilton Resorts Corporation.



BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WA 98101-3808
TELEPHONE: 206.223.7000 FAX:206.223.7107

Ms. Plenty says she intended to attend the class, but suffered a medical relapse in late 2025, at which point she called "Hilton" and asked to cancel her reservation. *Id.* ¶¶ 14–17. According to Ms. Plenty, she was informed that she could not obtain a refund; regardless, Ms. Plenty says she confirmed her desire to cancel. *Id.* ¶ 17.

Ms. Plenty alleges that on February 10, 2026, she received the first in a series of calls from Defendant encouraging her to make new reservations. *Id.* ¶ 18. She implies that during the February 10 call, she asked Defendant to stop calling. *Id.* ¶¶ 19, 24.[2] Ms. Plenty says she nonetheless received 13 subsequent calls from Defendant, the last two of which were on February 24 and 25, 2026. *Id.* ¶ 20. Ms. Plenty does not say that she received any calls after February 25. *See generally id.* at ¶¶ 20–28.

Importantly, while Ms. Plenty's TCPA claim is premised on her assertion that Defendant failed to implement do-not-call procedures, the only fact that she alleges to support this conclusion is that Defendant called her after February 10, 2026. Ms. Plenty does not allege that she requested or reviewed a copy of Defendant's internal do-not-call procedures, nor does she allege any other facts to indicate that Defendant lacked such procedures. *See generally id.* at ¶¶ 10–28. Since Ms. Plenty's claim requires that she prove Defendant had not implemented the required procedures before calling, this deficiency dooms her complaint.

## III. LEGAL STANDARD

To survive a Rule 12(b)(6) motion, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid

[2] Separately, Ms. Plenty alleges that in November 2012, she registered her number on the National Do Not Call Registry. Compl. ¶ 26.



**BALLARD SPAHR LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WA 98101-3808
TELEPHONE: 206.223.7000 FAX:206.223.7107

of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557). "'[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1150 (9th Cir. 1996).

## IV. ARGUMENT

Ms. Plenty asserts a single TCPA claim under Section 227(c), which is based on the theory that Defendant made telemarketing calls to Ms. Plenty without having first implemented the do-not-call procedures required by 47 C.F.R. § 64.1200(d).[3] This claim fails for two reasons. First, Ms. Plenty has not alleged facts to show that Defendant failed to implement such procedures. Second, Ms. Plenty only alleges, at most, one call that could have violated the applicable regulation, and a private right of action is only available to individuals who received multiple calls.

### A. Ms. Plenty's claim must be dismissed because she has not alleged facts to show that Defendant lacked internal do-not-call procedures.

Ms. Plenty's TCPA claim is based on her assertion that Defendant "violated 47 C.F.R. § 64.1200(d) by making … telemarketing calls to Plenty … without instituting procedures for properly maintaining a list of persons who request not to receive such calls." Compl. ¶ 41. But her complaint contains no factual allegations to support this bare-bones legal conclusion. Indeed, the fact section says nothing about Defendant's do-not-call procedures or lack thereof. *Id.* at ¶¶ 10–28.

"A telemarketer violates [47 C.F.R. § 64.1200(d)] not by placing the calls themselves, but by failing to have the required procedures in place prior to the initiation of the calls." *Simmons v. Charter Commc'ns, Inc.*, 222 F. Supp. 3d 121, 131 (D. Conn. 2016). Thus, in order to survive a motion to dismiss a claim arising

[3] Section 227(c) empowers the Federal Communications Commission to issue rules governing telephone solicitations. 47 C.F.R. § 64.1200 is such a rule.



**BALLARD SPAHR LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WA 98101-3808
TELEPHONE: 206.223.7000 FAX:206.223.7107

from a violation of 47 C.F.R. § 64.1200(d), "'a plaintiff must show that the entity placing the calls failed to institute the proper procedures prior to the initiation of the call[s].'" *Barr v. Macys.com, LLC*, No. 22-cv-07867-ALC, 2023 WL 6393480, at *6 (S.D.N.Y. Sept. 29, 2023) (quoting *Simmons,* 222 F. Supp. 3d at 131); *see also Hulett v. Eyebuydirect, Inc.,* No. 24-cv-996, 2025 WL 1677071, at *4 (S.D.N.Y. June 13, 2025) (same); *Benzion v. Vivint, Inc.*, No. 12-cv-61826, 2014 WL 11531368, at *5 (S.D. Fla. Jan. 17, 2014) (same).

Ms. Plenty has made no effort to clear this hurdle. Her complaint never alleges or asserts, except in conclusory terms (Compl. ¶ 41), that Defendant lacked an internal do-not-call policy that complies with 47 C.F.R. § 64.1200(d). Since her claim rests on the premise that Defendant did not have such a policy when it called her, she has not stated a plausible claim for relief.

Importantly, Ms. Plenty does not allege that she requested or reviewed a copy of Defendant's internal do-not-call policy, which may have enabled her to determine (1) whether a policy existed at the relevant time; and (2) whether the policy satisfied the regulation. In the absence of other corroborating facts, courts have held that a plaintiff's failure to request an entity's internal do-not-call policy is fatal to a claim asserting that the entity failed to implement such a policy. *Barr,* 2023 WL 6393480, at *6; *Rahimian v. Adriano*, No. 20-cv-2189, 2022 WL 798371, at *3 (D. Nev. Mar. 16, 2022) (holding that plaintiff who did not request defendant's do-not-call registry did "not plausibly allege an internal do-not-call list violation," even where plaintiff did allege further calls after making a do-not-call request). Where, as here, a claim is based on nothing more than plaintiff's "conclusory allegation" that the defendant lacked an internal do-not-call policy, with no supporting facts, it must be dismissed under Rule 12(b)(6). *Barr,* 2023 WL 6393480, at *5–*6.



**BALLARD SPAHR LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WA 98101-3808
TELEPHONE: 206.223.7000 FAX:206.223.7107

### B. Ms. Plenty's claim must be dismissed because she has not alleged that she received "more than one" offending call.

To have a private right of action under Section 227(c), a plaintiff must allege she "received *more than one* telephone call within a 12-month period by or on behalf of the same entity in violation of" regulations promulgated under that law. 47 U.S.C. § 227(c)(5) (emphasis added). Here, Ms. Plenty attempts to pursue a Section 227(c) claim based on the theory that Defendant violated 47 C.F.R. § 64.1200(d). Compl. ¶ 41. In order to maintain this claim, she must establish that Defendant made *multiple* calls in violation of the internal procedures required by that regulation.

Under the regulation, an entity that receives a do-not-call request must begin to honor that request within "a reasonable time," which "may not exceed ten (10) business days from the receipt of such request." 47 C.F.R. § 64.1200(d)(3). In other words, the regulation does not require that an entity stop calling *instantaneously* after receiving such a request; rather, it establishes a safe harbor or grace period of up to 10 business days after the request is made. *Id.*

Calls made within the safe harbor period do not violate the regulation and are not actionable. *Crews v. Sun Solutions AZ LLC,* No. 23-cv-1589, 2024 WL 2923709, at *6–*7 (D. Az. June 10, 2024); *Barr*, 2023 WL 6393480, at *6; *Orsatti v. Quicken Loans, Inc.,* No. 15-cv-9380, 2016 WL 7650574, at *7 (C.D. Cal. Sept. 12, 2016); *Simmons*, 222 F. Supp. 3d at 140 ("[t]he mere fact that [the plaintiff] received a call after his [do-not-call] request is not a subsection (d)(3) violation"); *Ott v. Mortgage Investors Corp. of Ohio, Inc.,* 65 F.Supp.3d 1046, 1065–66 (D. Or. 2014) (explaining that the purpose of the "grace period" is to enable entities to process requests).[4]

---

[4] Until April 4, 2024, the safe harbor period in 47 C.F.R. § 64.1200(d)(3) was 30 days rather than the current period of 10 business days. *See* Strengthening the Ability of Consumers to Stop Robocalls, 89 Fed. Reg. 15756-01, 15757 (March 5, 2024), 2024 WL 915454. The cited cases reference the earlier 30-day window.



**BALLARD SPAHR LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WA 98101-3808
TELEPHONE: 206.223.7000 FAX:206.223.7107

The date on which Ms. Plenty allegedly made her do-not-call request, February 10, 2026, was a Wednesday. Ten business days from that date was February 24, 2026, also a Wednesday. Although Ms. Plenty says she received 13 telemarketing calls from Defendant after registering her do-not-call request, all but one of these calls was made within the 10-business-day window that ended on February 24. Compl. ¶ 20. Only the final alleged call, which Ms. Plenty claims to have received on Thursday, February 25, 2026, fell outside the regulation's grace period. *Id.* Defendant never called Ms. Plenty after February 25. *Id.*

Thus, Ms. Plenty has only alleged that she received a single offending call after she allegedly submitted her do-not-call request on February 10, 2026. In order to have a private right of action under Section 227(c), however, she must have received "more than one" such call. 47 U.S.C. § 227(c)(5); *see also Crews,* 2024 WL 2923709, at *4 (stating elements of a Section 227(c) claim). Ms. Plenty's complaint does not satisfy this requirement, and her claim must be dismissed.

## V. CONCLUSION

Plaintiff's complaint only states in conclusory terms that Defendant called her without having implemented an internal do-not-call policy; it does not support this bald assertion with relevant facts. Furthermore, because Plaintiff has only alleged that she received a single call in violation of the relevant federal regulation, she cannot pursue a private right of action under Section 227(c). For each of these reasons, her complaint must be dismissed for failure to state a claim under Rule 12(b)(6).

//

//



**BALLARD SPAHR LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WA 98101-3808
TELEPHONE: 206.223.7000 FAX:206.223.7107

DATED this 7th day of August 2026.

BALLARD SPAHR LLP

By _s/ Taylor Washburn_
Erin M. Wilson, WSBA No. 42454
Taylor Washburn, WSBA No. 51524
Andrew Gust, WSBA No. 64095
wilsonem@ballardspahr.com
washburnt@ballardspahr.com
gusta@ballardspahr.com
1301 Second Ave. No. 2800
Seattle, Washington 98101
Tel: 206.223.7000

*Attorneys for Defendant Hilton Resorts Corporation d/b/a Hilton Grand Vacations*

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing document through the Court's CM/ECF system on the 7th day of August 2026.

Notification of this filing will be automatically sent to all counsel of record.

I declare under penalty of perjury under the laws of the state of Washington and United States of America that the foregoing is true and correct to the best of my knowledge.

DATED this 7th day of August 2026.

*s/ Peter Elton*
Peter Elton
Legal Assistant



**BALLARD SPAHR LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WA 98101-3808
TELEPHONE: 206.223.7000 FAX:206.223.7107