Erin M. Wilson, WSBA No. 42454
Taylor Washburn, WSBA No. 51524
Andrew Gust, WSBA No. 64095
BALLARD SPAHR LLP
1301 Second Ave. Suite 2800
Seattle, WA 98101
Tel: 206-223-7000
Fax: 206-223-7107
Email: wilsonem@ballardspahr.com
washburnt@ballardspahr.com
gusta@ballardspahr.com
*Attorneys for Defendant*

The Honorable Stanley A. Bastian

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
SPOKANE DIVISION

MELISSA PLENTY,

Plaintiff,

v.

HILTON RESORTS CORPORATION d/b/a HILTON GRAND VACATIONS,

Defendant.

Case No. 2:26-cv-00258-SAB

**REPLY IN SUPPORT OF DEFENDANT HILTON RESORTS CORPORATION'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT UNDER RULE 12(b)(6)**

In its motion to dismiss Plaintiff's Second Amended Complaint (SAC), Hilton Resorts explained that the Court should dismiss Plaintiff's claim because the SAC does not allege facts to demonstrate that Hilton Resorts failed to implement internal do-not-call procedures required by 47 C.F.R. § 64.1200(d) (Section 64.1200(d)), as is necessary to state a claim under Section 227(c) of the TCPA. Hilton Resorts also argued that Plaintiff cannot maintain a private right of action under Section 227(c) because Plaintiff has not alleged she received any calls that potentially violate the procedures required by Section 64.1200(d); rather, all the calls that she alleges were within a reasonable period of 10 business days after her alleged do-not-call request.

Plaintiff's opposition does not rescue the SAC. The only allegations she cites as supporting her assertion that Hilton Resorts lacks an adequate do-not-call policy are that she purportedly received further calls within 10 business days after making



**BALLARD SPAHR LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

a do-not-call request. As Hilton Resorts has shown, however, numerous courts have held that this fact, taken alone, is insufficient to plausibly allege the lack of a policy. Rather, courts look for calls placed outside the reasonable safe-harbor period, as well as allegations that a plaintiff requested but did not receive defendant's internal do-not-call policies. Plaintiff's SAC contains no such allegations and does not state a plausible claim.

Plaintiff further argues that the safe harbor period "does not exist," despite the fact that it appears in Section 64.1200(d)(3) and has been recognized by other courts in this circuit. Although Plaintiff is correct that some courts outside this circuit have allowed a plaintiff to pursue a Section 227(c) claim where plaintiff has only alleged calls within the safe harbor period, the weight of authority—including from this circuit—suggests that such a claim is only viable where there are other corroborating allegations beyond a limited number of post-request calls in the safe-harbor window. The Court should follow this authority and dismiss Plaintiff's claim.

**I. Plaintiff has not alleged deficient procedures.**

A caller violates Section 64.1200(d) by making phone solicitations without first implementing certain do-not-call procedures. The violation is the absence of the procedures—not placing calls. Hilton Resorts Mot. (Dkt. 17), 5 (citing *Simmons v. Charter Commc'ns, Inc.*, 222 F. Supp. 3d 121, 131 (D. Conn. 2016), *aff'd*, 686 F. App'x 48, n. 14 (2d Cir. 2017); *Barr v. Macys.com, LLC*, No. 22-cv-07867-ALC, 2023 WL 6393480, at *6 (S.D.N.Y. Sept. 29, 2023); *Hulett v. Eyebuydirect, Inc.*, No. 24-cv-996, 2025 WL 1677071, at *4 (S.D.N.Y. June 13, 2025); *Benzion v. Vivint, Inc.*, No. 12-cv-61826, 2014 WL 11531368, at *5 (S.D. Fla. Jan. 17, 2014)); *see also Charvat v. GVN Michigan, Inc.*, 561 F.3d 623, 632 (6th Cir. 2009).

The SAC asserts in conclusory terms that Hilton Resorts lacked such a policy, but it does not cite facts to support this conclusion. *See generally* SAC ¶¶ 10–37. As Hilton Resorts noted in its motion, for example, the SAC does not allege that


BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

Plaintiff requested a copy of Hilton Resorts' internal do-not-call policy, which undermines the plausibility of her claim. Mot. 6 (citing *Barr*, 2023 WL 6393480, at *6; *Rahimian v. Adriano*, No. 20-cv-2189, 2022 WL 798371, at *3 (D. Nev. Mar. 16, 2022)).

In her opposition, Plaintiff argues that it would be unfair to penalize her for failing to request Hilton Resorts' policy, since "facts within a defendant's exclusive possession cannot be converted into a pre-discovery pleading requirement." Opp. (Dkt. 18), 4–5. But the fact that Plaintiff did not request or review Hilton Resorts' policy is *not* a fact within Hilton Resorts' "exclusive possession," and Plaintiff offers no reason to believe she would not have received the policy upon request. The Court should thus consider Plaintiff's failure to request Hilton Resorts' policy in evaluating the sufficiency and plausibility of her allegations—just as other courts have done. *Barr*, 2023 WL 6393480, at *6; *Rahimian,* 2022 WL 798371, at *3; *cf. Perrong v. Brief Call Inc.*, No. 22-CV-04128, 2023 WL 6005963, at *4 (S.D.N.Y. Aug. 7, 2023) (taking into account that plaintiff requested but did not receive a copy of defendant's do-not-call policies); *Drew v. Lexington Consumer Advoc., LLC*, No. 16-CV-00200-LB, 2016 WL 1559717, at *7 (N.D. Cal. Apr. 18, 2016) (same).

Plaintiff also argues that she has adequately alleged a deficient do-not-call policy because she has asserted that Hilton Resorts made more calls after she had allegedly lodged her do-not-call request. Opp. 2–3. As Hilton Resorts explained in its motion, however, Section 64.1200(d) does not require a policy under which calls would stop instantaneously; rather, a policy is sufficient if it requires the caller to honor do-not-call requests within "a reasonable time," which "may not exceed ten (10) business days from the receipt of such request." 47 C.F.R. § 64.1200(d)(3). Mot. 7. Here, Plaintiff does not claim she received a single call more than 10 business days after her alleged do-not-call request on February 10, 2026. SAC ¶¶ 17-19.



**BALLARD SPAHR LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

While Plaintiff argues that *any* calls made after a do-not-call request support an inference that the defendant lacked a compliant policy, most of the cases she cites do not support this proposition. *See* Opp. 3–4. In *Taylor v. Cider (US) Holding Ltd.* and *Adam v. CHW Grp., Inc.*, the plaintiff alleged post-request text messages far outside the safe harbor period. 25-cv-24496, 2026 WL 91453, at *1 (S.D. Fla. Jan. 13, 2026) (plaintiff made request in June and received messages in September); No. 21-cv-19-LRR, 2021 WL 7285905, at *2 (N.D. Iowa Sept. 9, 2021) (plaintiff made request in November and received text messages into February). And in *Charman v. Leadsmarket.com, LLC*, 2025 WL 1883558, at *3 (S.D. Cal. July 7, 2025), the court found that plaintiff's claim "lack[ed] plausibility" because plaintiff did not allege any calls after making a do-not-call request. None of these cases held that a plaintiff stated a plausible Section 227(c) claim by alleging calls within the safe-harbor period.

**II. Plaintiff has not alleged an offending call.**

To have a private right of action under Section 227(c), a plaintiff must allege that she "received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of" regulations promulgated under that law. 47 U.S.C.A. § 227(c)(5); *see also* Mot. 7. As Hilton Resorts explained in its motion, the applicable regulation, Section 64.1200(d)(3), creates a 10-business-day safe harbor period for calls after a do-not-call request, Mot. 7–8, and Plaintiff has not alleged that she received a single call from Hilton Resorts more than 10 business days after the date when she made her request, *id.* 2–4.

In her opposition, Plaintiff argues that the safe harbor described by Hilton Resorts "does not exist." Opp. 7. This is consistent with her assertion in the complaint that Hilton Resorts ought to have been able to honor her stop request "immediately, and surely within 72 hours," SAC ¶ 32. But numerous courts—including in this circuit—have held otherwise. Mot. 7 (citing *Crews v. Sun Solutions*


BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

*AZ LLC*, No. 23-cv-1589, 2024 WL 2923709, at *6–*7 (D. Az. June 10, 2024); *Barr. LLC*, 2023 WL 6393480, at *6; *Orsatti*, No. 15-cv-09380, 2016 WL 7650574, at *7 (C.D. Cal. Sept. 12, 2016); *Simmon*, 222 F. Supp. 3d at 140; *Ott v. Mort. Investors Corp. of Ohio, Inc.,* 65 F. Supp. 3d 1046, 1065–66 (D. Or. 2014)); *see also Rahimian,* 2022 WL 798371, at *3; *Hulett*, 2025 WL 1677071, at *4–*6.

*Hulett* is particularly instructive because the court in that case distinguished cases on which Plaintiff relies in her opposition, including *Delgado v. eMortgage Funding, LLC*, No. 21-CV-11401, 2021 WL 4776774 (E.D. Mich. Oct. 13, 2021) and *Gill v. Align Tech. Inc.*, No. 21-CV-631-JPS, 2022 WL 1540016 (E.D. Wis. May 16, 2022),[1] and "largely … reconciled" them with the cases cited by Hilton Resorts. *Hulett*, 2025 WL 1677071, at *5. The *Hulett* court concluded that while "allegations of continued telemarketing calls *may* be sufficient to plausibly suggest a defendant is liable," as the courts in *Delgado* and *Gill* had ruled, this will depend on the particular facts. 2025 WL 1677071, at *5. In cases like *Hulett* and *Barr,* 2023 WL 6393480, where the plaintiff has only alleged calls within a relatively short period after a do-not-call request, and *has not* alleged that she requested the defendant's policy, dismissal is appropriate. *Id.* at *5–*6.

This Court should adopt the reasoning of *Crews, Rahimian, Barr,* and *Hulett,* and hold that Plaintiff has not stated a claim where she has not alleged any calls more than 10 business days after making her do-not-call request, and has not alleged that she requested or reviewed Hilton Resorts' policies. To hold—as Plaintiff requests—that the safe harbor period "does not exist," and Hilton Resorts should have begun to honor her do-not-call request "immediately, and surely within 72 hours," would rewrite Section 64.1200(d)(3) to eradicate its reasonable compliance window. In addition, holding that Plaintiff can state a claim based on Hilton Resorts' purported failure to enact a compliant policy without having requested or reviewed that policy

[1] *See* Opp. at 3, 5, 7, 9.



**BALLARD SPAHR LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

would be contrary to the Supreme Court's guidance in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. The Court should dismiss the SAC with prejudice.

The SAC is Plaintiff's third complaint in this action. Hilton Resorts identified the same basic pleading deficiencies in its motion to dismiss her previous amended complaint, and Plaintiff had the opportunity to cure those deficiencies in the SAC. She has not done so. The failure to correct identified deficiencies across multiple amendments strongly suggests that amendment would be futile because a plaintiff has no more facts to plead. *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008) (dismissing with prejudice as the plaintiff pointed "to no additional facts that it might allege to cure these deficiencies, which persisted in every prior iteration of the [complaint].").

## IV. Conclusion

For the foregoing reasons, Hilton Resorts Corporation d/b/a Hilton Grand Vacations respectfully requests that this Court grant its Motion to Dismiss and dismiss Plaintiff's Second Amended Complaint with prejudice.

DATED: October 6, 2026

BALLARD SPAHR LLP

By: *s/Erin M. Wilson*
Erin M. Wilson, WSBA No. 42454
Taylor Washburn, WSBA No. 51524
Andrew Walker Gust, WSBA No. 64095
1301 Second Avenue, Suite 2800
Seattle, Washington 98101
Telephone: 206.223.7000
Email: wilsonem@ballardspahr.com

*Attorneys for Defendant Hilton Resorts Corporation d/b/a Hilton Grand Vacations*

# CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing document through the Court's CM/ECF system on the 6th day of October 2026.

Notification of this filing will be automatically sent to all counsel of record.

I declare under penalty of perjury under the laws of the state of Washington and United States of America that the foregoing is true and correct to the best of my knowledge.

DATED this 6th day of October 2026.

*s/Janet Wiley*
Janet Wiley
Legal Assistant



**BALLARD SPAHR LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107