FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 10, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MELISSA PLENTY,<br>Plaintiff,<br>v.<br>HILTON RESORTS CORPORATION, dba Hilton Grand Vacations,<br>Defendant. | No. 2:26-CV-00258-SAB<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Before the Court are Defendant's Motion to Dismiss, ECF No. 15, and Motion to Dismiss the Second Amended Complaint, ECF No. 17. Plaintiff is represented by Alexander Hood and Thomas W. Alvord. Defendant is represented by Andrew W. Gust, Erin M. Wilson, and Taylor Washburn. The Motions were considered without oral argument.

As a preliminary matter, Defendant filed its first Motion to Dismiss on August 7, 2026, and Plaintiff filed her Second Amended Complaint on August 26, 2026, after the Motion was filed. Accordingly, the Court denies the first Motion to Dismiss as moot.

Turning to the Second Amended Complaint, Plaintiff asserts Defendant violated the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227(c), by failing to implement proper do-not-call procedures required by 47 C.F.R. § 64.1200(d). Entities that make calls for telemarketing purposes are required to have

procedures in place to maintain a list of individuals who request not to receive such calls. 47 C.F.R. § 64.1200(d). A telemarketer that receives such a request must record the request and place the subscriber's name and telephone number on its do-not-call list at the time the request is made and honor the request within a reasonable time, not to exceed 10 days after the request. 47 C.F.R. § 64.1200(d)(3).

In February and December 2025, Plaintiff made room reservations with Defendant and ultimately canceled them due to a medical condition impacting her ability to travel. On February 10, 2026, Plaintiff began receiving calls from Defendant, encouraging her to make additional reservations. Plaintiff again explained her medical condition and requested Defendant stop calling her. Plaintiff alleges that, between February 11, 2026, and February 25, 2026, she received 13 additional calls from Defendant to market potential reservations.

In the operative Complaint, Plaintiff asserts that Defendant, a sophisticated corporate entity, had the technological capacity to record and honor her stop request immediately or nearly immediately after the request was made. She further asserts that Defendant deliberately chooses to keep calling within the ten-day period so that it can make as many calls as possible before it is cut off by the statutory deadline. Accordingly, Plaintiff asserts that Defendant lacks the proper do-not-call procedures required by 47 C.F.R. § 64.1200(d), in violation of the TCPA.

Defendant now requests the Court dismiss Plaintiff's Second Amended Complaint, asserting that: (1) Plaintiff fails to allege sufficient facts to establish that Defendant failed to implement the proper do-not-call procedures; and (2) as all allegedly offending calls were made within the statutory 10-business-day safe-harbor period, Plaintiff fails to state a claim as she did not receive any unlawful calls after her initial do-not-call request.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the pleading contains sufficient factual allegations that enable the court to reasonably infer that the defendant could be liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). When evaluating a Rule 12(b)(6) motion, the court must draw all reasonable inferences in favor of the non-moving party. *Usher v. City of L.A.*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept conclusory allegations as true or to accept any unreasonable inferences in a complaint. *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1054 (9th Cir. 2008).

To maintain a private right of action under the TCPA, a plaintiff must allege they "received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of" regulations promulgated under the TCPA. 47 U.S.C. § 227(c)(5). Plaintiff bases her § 227(c) claim on the assertion that Defendant violated 47 C.F.R. § 64.1200(d), which requires telemarketing entities to maintain a do-not-call list and honor do-not-call requests within "a reasonable time," which "may not exceed ten (10) business days from the receipt of such request." 47 C.F.R. § 64.1200(d)(3).

Plaintiff alleges she made her do-not-call request on February 10, 2026, which was a Wednesday. Ten business days from that date was February 25, 2026. The last day Plaintiff received a call from Defendant was February 25, 2026. Plaintiff does not dispute that each call occurred within the ten-business-day compliance period. Instead, Plaintiff focuses on the "reasonable time" language of § 64.1200(d)(3), asserting that Defendant is in violation of the TCPA because it reasonably could have honored her do-not-call request before the 10-day compliance period ended.

//

In enacting the most recent version of the TCPA, the legislature purposefully included a 10-business-day compliance period to allow for corporations to fully record and honor a do-not-call request. The Court declines to follow Plaintiff's line of reasoning that an additional "reasonableness" inquiry should be conducted to determine if calls placed before the 10-day threshold violate the TCPA. Further, Plaintiff fails to cite, and the Court is unaware of, any binding authority supporting this argument. As each alleged call occurred within the 10-business-day compliance period, Plaintiff fails to allege any cognizable violation of the TCPA and accordingly has failed to state a claim upon which relief can be granted.

Accordingly, the Court **grants** Defendant's Motion to Dismiss. As the operative Complaint is Plaintiff's Second Amended Complaint, and Plaintiff was on notice of the above-noted issues prior to filing the operative Complaint, the Court finds it appropriate to dismiss the Second Amended Complaint with prejudice.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Dismiss, ECF No. 15, is **DENIED as moot**.

2. Defendant's Motion to Dismiss the Second Amended Complaint, ECF No. 17, is **GRANTED**.

3. Plaintiff's Second Amended Complaint, ECF No. 16, is **DISMISSED with prejudice**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order, provide copies to counsel, and **close** the file.

**DATED** this 10th day of November 2026.

Stan Bastian
Chief United States District Judge